IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MIDFIRST BANK,     :
            :
  Plaintiff,     :
            :
v.           :  Civil Action No.
            :  1:13-CV-3122-WSD-JCF
DAMON T. BURTON,    :
            :
  Defendant     :

## ORDER AND FINAL REPORT AND RECOMMENDATION

Defendant Damon T. Burton, proceeding *pro se*, seeks leave to remove to this court a dispossessory action filed by Plaintiff in the Magistrate Court of Fulton County (*see* Doc. 1-1) without prepayment of fees or security pursuant to 28 U.S.C. § 1915(a).  After consideration of Defendant's Affidavit to Proceed in District Court Without Prepaying Fees or Costs (Doc. 1), the Court **GRANTS** Defendant's request to proceed *in forma pauperis* for the limited purpose of determining whether this action has been properly removed to this Court.  For the reasons discussed below, the undersigned finds that this Court lacks subject matter jurisdiction over this action, and therefore, it is **RECOMMENDED** that the case be **REMANDED** to the Magistrate Court of Fulton County.

<u>**Discussion**</u>

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . , to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).  However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).  "Subject matter jurisdiction in a federal court may be based upon federal question jurisdiction or diversity jurisdiction." *Walker v. Sun Trust Bank of Thomasville, Ga.*, 363 Fed. Appx. 11, 15 (11th Cir. 2010) (unpublished decision) (citing 28 U.S.C. §§ 1331, 1332).  "[I]n removal cases, the burden is on the party who sought removal to demonstrate that federal jurisdiction exists." *Kirkland v. Midland Mortgage Co.*, 243 F.3d 1277, 1281 n.5 (11th Cir. 2001), and "uncertainties are resolved in favor of remand." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).

"Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant.  Absent diversity of citizenship [pursuant to 28 U.S.C. § 1332], federal-question jurisdiction [pursuant to 28 U.S.C. § 1331] is required." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392

(1987). Here, Defendant indicates that he seeks to remove this action on the basis of federal question jurisdiction. (*See* Doc. 1-2 at II).

"The well-pleaded complaint rule has long governed whether a case 'arises under' federal law for purposes of § 1331," and that rule "governs whether a case is removable from state to federal court pursuant to 28 U.S.C. § 1441(a) . . . ." *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830 and n.2 (2002). The well-pleaded complaint rule "provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc.*, 482 U.S. at 392. Furthermore, a defendant's defenses or potential defenses, even if they arise under federal laws or the United States Constitution, are ignored in determining whether a federal question has been raised by the plaintiff's complaint. *See Ben. Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003) ("To determine whether the claim arises under federal law, we examine the 'well pleaded' allegations of the complaint and ignore potential defenses . . . ."); *Pan Am. Petroleum Corp. v. Superior Court of Del.*, 366 U.S. 656, 663 (1961) (If the plaintiff does not raise a federal question in the complaint, "it is no substitute that the defendant is almost certain to raise a federal defense"); *Bd. of Educ. of the City of Atlanta v. Am. Fed'n of State, County and Mun. Employees*, 401 F. Supp. 687, 690 (N.D. Ga. 1975) ("Stated simply, a federal district court's original federal question jurisdiction must be posited upon the

plaintiff's pleading of his own case, and not by defendant's response or even plaintiff's anticipation of a federal element in that response.").

In his Petition for Removal of Action (Doc. 1-1), Defendant asserts that Plaintiff's dispossessory action violates federal law, including 15 U.S.C. § 1692, Federal Rule of Civil Procedure 60, and the Fourteenth Amendment to the United States Constitution.  He has not shown, however, that *Plaintiff* raised those claims, or any other federal claim, in the underlying action.  Because he has not shown that the original complaint contains a federal claim, Defendant has not shown that this Court has subject matter jurisdiction over this action, and thus removal is improper.  The undersigned therefore **RECOMMENDS** that this action be **REMANDED** to the Magistrate Court of Fulton County.

The Clerk of the Court is **DIRECTED** to terminate referral of this action to the undersigned magistrate judge.

**IT IS SO ORDERED, REPORTED and** RECOMMENDED <u>20th</u> day of <u>September</u>, 2013.

      /s/  *J. Clay Fuller*
      J. CLAY FULLER
      United States Magistrate Judge