IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MIDFIRST BANK, | |
|                   Plaintiff, | |
| v. | 1:13-cv-3122-WSD |
| DAMON T. BURTON, | |
|                   Defendant. | |

**OPINION AND ORDER**

This matter is before the Court on Magistrate Judge J. Clayton Fuller's Final Report and Recommendation [3] ("R&R"), which recommends remanding to state court this dispossessory action that Defendant Damon T. Burton ("Defendant") wrongfully removed to this Court.

**I.     BACKGROUND**

This is a dispossessory action filed by Plaintiff Midfirst Bank ("Plaintiff") against Defendant in the Magistrate Court of Fulton County, Georgia.  On September 19, 2013, Defendant removed the case to this Court by filing his "Petition for Removal of Action" and an application to proceed *in forma pauperis* ("IFP Application").  Defendant asserts that, in attempting to evict Defendant from his home, Plaintiff violated the Fair Debt Collection Practices Act, 15 U.S.C. §

1692 et seq., the Federal Rules of Civil Procedure, and the Due Process Clause of the Fourteenth Amendment.  On this basis, Defendant asserts that the Court has federal question jurisdiction over this matter.

On September 20, 2013, Magistrate Judge Fuller granted Defendant's IFP Application.  Judge Fuller also considered *sua sponte* the question of federal jurisdiction and issued his R&R recommending that the Court remand this case to state court.  The R&R finds that federal question jurisdiction is lacking because there is no indication that this case is brought pursuant to federal law, and a defense or counterclaim based on federal law is insufficient to confer federal subject-matter jurisdiction.  The Magistrate Judge thus concluded that this case is required to be remanded to state court.

Defendant has not filed objections to the R&R and does not appear to oppose the remand of this case.

## II.   DISCUSSION

### A.   Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982).  A district judge "shall make a *de novo*

determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). With respect to those findings and recommendations to which objections have not been asserted, the Court must conduct a plain error review of the record. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

    B.    Analysis

Defendant does not object to the Magistrate Judge's conclusion that this Court lacks federal question jurisdiction over this matter. The Court does not find any error in this conclusion. It is well-settled that federal-question jurisdiction exists only when a federal question is presented on the face of a plaintiff's well-pleaded complaint and that the assertions of defenses or counterclaims based on federal law cannot confer federal subject matter jurisdiction over a cause of action. See Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003); Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc., 535 U.S. 826, 830-32 (2002). This action is thus required to be remanded to the state court. See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge J. Clayton Fuller's Final Report and Recommendation [3] is **ADOPTED**. This action is **REMANDED** to the Magistrate Court of Fulton County, Georgia.

**SO ORDERED** this 27th day of November, 2013.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE